### THE EARNWELL.

### MARSHALL v. THE EARNWELL.

(District Court, E. D. Pennsylvania. May 28, 1895.)

No. 10.

1. ADMIRALTY—PLEADINGS AND PROOF.

Where, in defense to a libel by a pilot to recover fees from a vessel which had rejected his services, it was pleaded that libelant, after signaling an offer of services, hauled down the signal, and sailed away, thus preventing the ship from taking him, *held*, that on failure of the evidence to sustain this claim, respondent was not entitled to prove that other pilots also offered their services at the same time, and that the vessel would have been subjected to serious inconvenience in order to take libelant.

**2. PILOTS—OFFER OF SERVICES—OBLIGATION TO ACCEPT.**

A vessel bound up the Delaware river to Philadelphia is obliged to accept the first available pilot who offers his services, and if she refuses him, and takes one who at the time was further away, she is nevertheless liable to the former for his fees. The Clymene, 9 Fed. 164, and The Alzena, 14 Fed. 174, followed.

This was a libel by William F. Marshall, a pilot, against the steamship Earnwell, for refusal to accept his services when offered.

Edward F. Pugh and Henry Flanders, for libelant.
Henry R. Edmunds, for respondent.

BUTLER, District Judge. No question of law is involved. The respondent was bound to accept the first available pilot who offered his services. The Clymene, 9 Fed. 164; The Alzena, 14 Fed. 174. She was not required however to go materially out of her way to meet him or stop and wait, if others were more convenient, because he first signaled, but simply to accept the services of the pilot first offering where she could do so without disadvantage. If several offered simultaneously she could accept the services of either.

The questions raised by the pleadings are first: Is the libelant a pilot? Second. Was the respondent required to take a pilot? Third. Was she excusable in refusing the libelant's services? That the libelant is a pilot, and that the respondent was required to take one is now conceded. The only question therefore is, was she excusable in refusing to take the libelant? The single excuse set out in the answer is, that he withdrew the offer of his services after having made it, and "thus prevented the respondent taking him." The answer says:

"At about 5:45 o'clock a. m. of the 3d day of February, A. D. 1894, the steamship Earnwell passed Fenwick's Island light, bound in, and her course was set for Cape Henlopen. At daybreak there were three pilot boats in sight: one about six miles to the eastward, another about four miles northeastwardly, and the third about north, distant about four miles. The latter standing directly across the track of the steamer. The libelant was on the boat, named above, as being northeastwardly, and was out of the track of the steamer. That shortly after sighting the said boats, libelant's boat signaled by hoisting her flag and continued coming towards the steamer, but when within about one and a half miles from the steamer, for some cause unknown to deponent, she hauled down her signal and sailed away, thus preventing the Earnwell from accepting the service. The steamer continued on her course until she intercepted the boat, whose course was above given as north, from which a duly-licensed pilot was taken."

Thus it is seen that the only issue presented by the pleadings is, did the libelant withdraw his tender of services, and thus "prevent the respondent accepting them?" The evidence shows that he did not; and the defense is now shifted to other grounds. It is asserted that two other pilots also offered their services at the same time, and that the respondent would have been subjected to serious inconvenience in taking the libelant. If this is true it should have been averred in the answer, and the defense put upon it. It is as important that the pleadings in the admiralty shall show the issue to be tried, as it is in other courts.

The truth, as I find it, however, is that the only offer of services which the respondent was bound to regard, was the libelant's. The offer from a boat several miles away in the rear was out of the question. The libelant's boat and the Bayard, from which the pilot was taken, were similarly situated; and alone were available. The respondent could have taken a pilot from one of them as readily as from the other. The former offered his services by the usual signal, which the respondent understood, as the answer shows, and the latter did not. He did not expect to be employed—recognizing the libelant's right, arising from his tender. The respondent chose however to run by the libelant and select a pilot from the other,. which she had no right to do. She would not have suffered materially more delay in taking the libelant than she sustained in changing her course to come up with the Bayard.

The libelant must have a decree for the sum claimed.